*Final*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | CRIMINAL NO. 4:23-cr-00105 |
| § | |
| MARCUS DEWANE CHRISTOPHER, § | |
| a/k/a Marcus Christopher, § | |
| a/k/a Marcus D Christopher, § | |
| a/k/a MarcusDewayne Christopher, § | |
| a/k/a "Moe," § | |
| a/k/a "Big Moe," § | |
| a/k/a "Big Boy," § | |
| a/k/a "Big Man," § | |
| a/k/a "thirdward_moe," § | |
| § | |
| Defendant. § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Kelly Zenon-Matos, Assistant United States Attorney, and Jodi Anton, Department of Justice Trial Attorney, Defendant Marcus Dewane Christopher, and Defendant's counsel, pursuant to **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to the sole count of the Superseding Indictment which charges the Defendant with causing death through the use of a firearm during and in relation to the murder in aid of racketeering of S.J., in violation of Title 18, United States Code, Sections 924(j)(1) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that

the law makes essential to the punishment either charged in the Superseding Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum punishment for Count One of the Superseding Indictment is up to life imprisonment or death, a term of supervised release of not more than five years, and a fine of $250,000.00 or twice the gross proceeds of the crime, whichever is greater. The Attorney General has authorized the United States not to seek the death penalty against Defendant. Accordingly, the maximum penalty in this case is life imprisonment. *See* Title 18, United States Code, Sections 3559(a) (1) and 3583(b)(1). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 5 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(1). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

4

### The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to the sole count of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will not oppose Defendant's request for a sentence at the lower end of the applicable guidelines.

(b) The parties also agree to recommend that the sentence imposed by this Court run concurrently with the state 30-year sentence imposed by the 77th District Court of Harris County under Case Number 164510801010, against the Defendant for First Degree Murder, for unlawfully, intentionally and knowingly causing the death of S.J. The United States acknowledges that the instant Superseding Indictment charges the Defendant with using a firearm in furtherance of a crime of violence resulting in the death of the same individual, S.J.

(c) The parties also request that the Court recommend to the BOP and the Attorney General that the Defendant be given credit for the time he has already served in Case Number 164510801010. However, the parties acknowledge that only the Attorney General, pursuant to statute, has the authority to compute sentencing credits for time served in official detention that has not been credited against another sentence. *See* 18 U.S.C. § 3585(b).

(d) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(e) The Government does not object to defense counsel's request that the Court recommend to BOP that this sentence shall begin immediately.

### Agreement Binding - Southern District of Texas and VCRS Only

10. The United States Attorney's Office for the Southern District of Texas and the Violent Crime and Racketeering Section ("VCRS") of the Department of Justice, agree that they will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct

described in the Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, VCRS, and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas, and VCRS will bring this plea agreement to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be

6

imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Superseding Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

The Defendant, along with others, was a member and associate of the 103 Gang, a criminal organization whose members and associates engaged in acts involving murder and drug trafficking. The Defendant was directed by 103-gang members to conduct the drive by shooting that led to the death of S.J. and the shooting of W.F. The shooting was planned as part of the gang war between 103-gang and its rivals. The Defendant, and others, planned and conducted the shooting to maintain or increase their position within 103-gang.

The 103 gang, including its leadership, membership, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce ("the Enterprise" or "103-gang"). The Enterprise constituted an ongoing organization whose members and associates function as a continuing unit for a common purpose of achieving the objectives of the Enterprise. 103-gang, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, in violation of Texas state law, and offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 846 (conspiracy to distribute and possess with intent to distribute a controlled substance).

The 103-gang members utilize social media and direct messaging to identify themselves and to communicate, including for discussing and planning gang-related violence and other crimes. 103-gang members are expected to violently protect the name, reputation, status, and territory of the gang from rival gangs, primarily the Young Scott Block ("YSB-gang"). Additionally, 103-gang members assist each other in committing violent crimes by sharing weapons, obtaining stolen cars, and when arrested, providing funds for bond, attorney fees and commissary accounts. Participation in criminal activity by a member and associate, particularly violent acts directed at rival gangs or as directed by gang leadership, increases the respect accorded to that member or associate, or results in membership, maintenance, and increased position in the gang, and opens the door to promotion to a leadership position.

### October 16, 2017 - Murder

On October 16, 2017, the Defendant and others murdered S.J. and wounded W.F. in retaliation for a gang-related shooting against 103-gang that occurred previously. Defendant's purpose in participating in the shooting was, at least in part, because it was expected of him by virtue of his association and membership in 103-gang and/or to maintain or increase his position in the Enterprise.

On October 16, 2017, at approximately 1:15 p.m., the Defendant and other associates of the 103-gang, traveling in a stolen 2007 Mazda CX7, in the 6800 block of London Street, Houston, Texas shot W.F., a rival YSB-gang member, and S.J., who was not affiliated with any gang. While the injuries to W.F. were non-fatal, S.J. sustained multiple gunshot wounds to his torso and died at the scene. The Defendant fled the shooting scene by carjacking a Kia and fleeing. The

drive-by shooting was captured on video surveillance from a nearby business. The Defendant can be seen in the footage shooting at the victims and carjacking the vehicle.

Law enforcement reviewed numerous jail phone calls and Instagram direct messages between 103 members which show that the murder was, in fact, a 103-gang related retaliatory killing. Evidence from social media returns shows that the gang members conspired to commit a retaliatory attack against any member of the rival YSB gang when given the opportunity. The Defendant's DNA was recovered from inside the stolen Mazda used to facilitate the drive by shooting. Additionally, the Defendant was charged in the 177th District Court of Harris County under Case Number 1645108010, and later arrested on September 10, 2017, for his involvement in this shooting and admitted guilt by entering a guilty plea. On November 30, 2022, the Defendant was sentenced to 30 years in prison.

The Defendant acknowledges that as a member of the 103-gang, he conspired with others to unlawfully and knowingly use and carry a firearm during and in relation to a crime of violence namely, a violation of Title 18, United States Code, Section 1959(a)(1)) (VICAR Murder), and knowingly possessed a firearm in furtherance of such crime, and in the course of such violation, aiding and abetting others, caused the death of S.J. through the use of a firearm.

The Defendant also admits that other members of the Enterprise planned, organized, and ordered the shootout which resulted in the death of S.J. and that he was an *Average Participant* in the offense, within the meaning of USSG §§ 3B1.1 and 3B1.2.

All of the above facts occurred within the Southern District of Texas.

### Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Monetary Penalties, Assets and Financial Disclosures

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

18.  Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $____0____. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution. (If this is a Child Sex Abuse Material ("CSAM") case, please use the CSAM Plea Agreement go-by on the Aerie and USATABS.)

### Forfeiture

19.  As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation [including but not limited to the following specific assets:];

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $_____0____ from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount [or, if not agreed, that the Court will determine the proper amount of a money judgment];

12

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

20. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

21. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

22. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any

prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

(CONTINUES ON NEXT PAGE)

_____   12-8-25
Greg Gladden              Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____   12-8-25
Defendant Marcus Dewane Christopher   Date

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO.   4:23-cr-00105 |
| MARCUS DEWANE CHRISTOPHER, a/k/a Marcus Christopher, a/k/a Marcus D Christopher, a/k/a MarcusDewayne Christopher, a/k/a "Moe," a/k/a "Big Moe," a/k/a "Big Boy," a/k/a "Big Man," a/k/a "thirdward_moe," | § § § § § § § § § § § | |
| Defendant. | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Superseding Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

23. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December 8, 2025

_____
Defendant Marcus Dewane Christopher

Subscribed and sworn to before me on December 8, 2025

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By: _____
Kelly Zenon-Matos
Assistant United States Attorney
Southern District of Texas

By: _____
Jodi Anton
Department of Justice Trial Attorney
Violent Crime and Racketeering Section

_____
Greg Gladden
Attorney for Defendant

15